UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PATRICK SCHUETZE, | ) Case No. CV 05-6031 DDP(JC) |
| Plaintiff, | ) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION |
| v. | ) |
| ORANGE COUNTY SOCIAL<br>SERVICES AGENCY, et al., | ) |
| Defendants. | ) |

On February 16, 2011, plaintiff James Patrick Schuetze ("plaintiff"), who is at liberty, is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed the operative Second Amended Civil Rights Complaint ("Second Amended Complaint" or "SAC"). On May 3, 2012, after screening the Second Amended Complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge dismissed the Second Amended Complaint with leave to amend. In the May 3, 2012 Order and again in a May 30, 2012 Order extending plaintiff's deadline to file a Third Amended Complaint, the Magistrate Judge further cautioned plaintiff that the failure timely to file a Third Amended Complaint would subject this action to dismissal for failure to prosecute. Plaintiff's deadline to file a Third Amended Complaint was June 17, 2012, but to date, he has not done so.


Courts may dismiss lawsuits that are not diligently prosecuted. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). In determining whether to dismiss a *pro se* plaintiff's action for failure to prosecute, a court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Carey, 856 F.2d at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. Plaintiff's claims concern events that happened several years ago and thus are already somewhat stale. Further delay would only make it more difficult for defendants – some of whom plaintiff named for the first time in the Second Amended Complaint and have not yet been served – to mount a defense. There also does not appear to be any less drastic sanction the Court can take, as plaintiff has not availed himself of the opportunity to file a Third Amended Complaint, even after being expressly warned that if he failed to do so, his lawsuit might be dismissed. Although the fourth factor weighs against dismissal – as it does in every case – the other factors together outweigh the public's interest in disposing of the case on its merits.

Accordingly, it is ORDERED that this action be dismissed for lack of prosecution.

DATED: __July 6, 2012__

_____

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE